IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

IN RE: RONALD BELILES and          CASE NO.: 2:09-cv-2115-RTD
SANDRA BELILES

On Appeal from United States Bankruptcy Court,
Western District of Arkansas, Case No.: 2:08-bk-73231

## ORDER

By order dated August 12, 2009, the United States Bankruptcy Court for the Western District of Arkansas set aside the Discharge of the Petitioners/Debtors (Doc. 1-3) due to the debtors' failure to comply with the court's order to file an Amended Exemption Schedule.  On September 18, 2009, Petitioners appealed that order to this Court.  On November 6, 2009, the Trustee, R. Ray Fulmer, II, filed a motion to dismiss the appeal as untimely. (Doc. 3)  For the reasons reflected herein, the motion is **GRANTED**.

On August 15, 2008, Petitioners filed a Chapter 7 Bankruptcy Petition, case number 2:08-bk-73231, with the Bankruptcy Court for the Western District of Arkansas.  On September 5, 2008, the Trustee filed objections to the bankruptcy petition's exemptions. On November 5, 2008, an order sustaining those objections was entered by the bankruptcy court, and Petitioners were ordered to amend their claimed exemptions.  On November 13, 2008, a discharge was granted to the Petitioners under Chapter 7 of the Bankruptcy Code.  On July 20, 2009, the Trustee requested a revocation of the discharge based on 11 U.S.C.A. § 727(e)(2), because the Petitioners

1

failed to comply with the court's order to amend their claimed exemptions.  On August 11, 2009, a hearing was held, and on August 12, 2009, an order was issued granting the Motion to Vacate and Set Aside the Discharge. (Doc. 3-1).  On August 31, 2009, Petitioners filed their Notice of Appeal with the United States Bankruptcy Court for the Western District of Arkansas.  (Doc. 3-1)

Petitioners filed their appeal with this Court on September 18, 2009.  An appeal from a bankruptcy court's order to a district court shall be taken by filing a notice of appeal within ten days of the filing of that order.  Fed. R. Bankr.P. 8001(a) & 8002(a) (2009).[1]  The Trustee alleges that the Notice of Appeal was not filed within ten days of the date of entry of the dismissal as required by Fed. R. Bankr.P. 8002.  Under the time computation for the rule, the ten day time period would have expired on August 26, 2009[2]. By failing to appeal within the statutory time period, the district court lacks subject matter jurisdiction to review the bankruptcy court's order.  *see Veltman v. Whetzal,* 93 F.3d 517, 521 (8th Cir. 1996); *In re McMullan,* 198 F.3d 250, 250 (8th Cir. 1999).

Petitioners' failure to comply with the time period to file their notice of appeal results in the dismissal of their case unless an exception to the ten day period applies.  Bankruptcy Rule 8002 allows for a demonstration of excusable neglect for the late

---

[1]     Fed. R. Bankr.P. 8002 was amended in 2009, and implemented a change of all 10 day periods to 14 days beginning December 1, 2009.

[2]     Fed. R. Bankr.P. 9006 (2009).

AO72A
(Rev. 8/82)

appeal. Fed. R. Bankr.P. 8002(c)  Excusable neglect may be found where a party did not learn of a judgment, or in extraordinary cases where injustice would otherwise result, but not when delay is caused by an attorney's oversight or schedule. *Jacobson v. Nielsen,* 932 F.2d 1272, 1272 (8th Cir. 1991).  As Petitioners have not responded to the Trustee's motion, the Court cannot find excusable neglect for failing to timely appeal the Bankruptcy Court's order.  The notice of appeal (Doc. 1) was filed untimely with the court clerk, and therefore, this Court does not have jurisdiction over the appeal.

Because the Petitioners failed to file their notice of appeal within the statutory time period and have failed to respond to the Trustee's motion in a timely manner, the Court must dismiss the action.  The Court, being well advised, and Petitioners having filed no response, finds the Motion should be **GRANTED**.

IT IS SO ORDERED this 21st day of December, 2009.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

3